65 F.3d 160
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Arnaldo MORALES-NARVAEZ, et al., Plaintiffs--Appellants,
v.
Pedro J. ROSSELLO, et al., Defendants--Appellees.
 No. 94-1808.
 United States Court of Appeals, First Circuit.
 Sept. 13, 1995.
 
 1
 Manuel Alvarado for appellants.
 
 
 2
 Vannessa Ramirez, Asst. Sol. Gen., Dept. of Justice, with whom Pedro A. Delgado-Hernandez, Sol. Gen., Jose L. Nieto and Dominguez & Totti, were on brief for appellees.
 
 
 3
 Before BOUDIN, Circuit Judge, LYNCH,* Circuit Judge, and BOYLE,** Senior District Judge.
 
 
 4
 BOYLE, Senior District Judge.
 
 
 5
 This case concerns the transfers of the appellants from their positions in the Contracts Office within the Office of the Governor of Puerto Rico to positions in another department of the Office of the Governor. The appellants, claiming that the transfers improperly were based on their political associations and violated their procedural due process rights, moved for a preliminary injunction returning them to their original positions. The district court, without conducting a hearing, denied the motion, concluding that they failed to show both a likelihood of success on the merits and a threat of irreparable harm, and that the harm caused by denying the motion would not outweigh the potential harm to the government of Puerto Rico if the motion were denied. 852 F.Supp. 104, 115-16 (D.P.R.1994). Appellants argue (1) that the district court abused its discretion and legally erred by denying the preliminary injunction, and (2) that the district court should have conducted an evidentiary hearing before determining the motion. We conclude that the sparse record did not support a preliminary injunction. We do not reach appellants' other argument because the interests of justice would not be served by remanding the case for an evidentiary hearing on the preliminary injunction when trial on the merits should be imminent. We affirm the order of the district court, anticipating that the matter will be promptly scheduled for a trial on the merits.
 
 I. BACKGROUND
 
 6
 We briefly summarize the uncontested facts. Appellants, Arnaldo Morales-Narvaez ("Morales"), Rosa Ortega-Torres ("Ortega"), and Isabel Martinez-Camacho ("Martinez"), were employed in the Contracts Office at the Executive Mansion of the Governor of Puerto Rico. Morales was employed as a contract analyst, and Ortega and Martinez were employed as secretaries. The three appellants were supporters of the Popular Democratic Party ("PDP").
 
 
 7
 In November 1992, the New Progressive Party ("NPP") defeated the PDP in the general election. The NPP administration, and the appellee NPP administration officials, assumed office in January 1993. In March 1993, appellants were notified that they were being transferred from the Contracts Office to another division of the Office of the Governor, known as Programa RED ("RED").
 
 
 8
 Appellants commenced this action under 28 U.S.C. Secs. 1983, 1985, and 1986. In support of their claims under Sec. 1983, appellants asserted they were transferred because of their association with PDP, in violation of their rights under the First and Fourteenth Amendments to the Constitution of the United States. They further asserted that the circumstances of their transfers violated their procedural due process rights. Appellants moved the court for a preliminary injunction, seeking return to their former positions. Briefs and supporting documents were filed in support of their motion. Appellees in turn filed opposing memoranda and supporting documents.
 
 
 9
 The district court issued its Opinion and Order on May 16, 1994, denying appellants' motion. The court's determination was based primarily on its conclusion that appellants failed to show both a likelihood of success on the merits of their claims and a threat of irreparable harm. See 852 F.Supp. at 110-12, 114-15.
 
 II. DISCUSSION
 A. The Sec. 1983 Claims
 
 10
 We first address appellants' argument that the preliminary injunction should issue because the district court abused its discretion and legally erred. We are not prepared to say that appellants were entitled to a preliminary injunction on the basis of the record. In particular, we note that the record does not support a finding of irreparable harm. First, appellants failed to submit job descriptions so that the district court could determine the magnitude of the harm they claim to have suffered from their transfers to new jobs at the same pay. Second, appellants waited to file their complaint until July 6, 1993, more than three months after the transfers took effect, thereby undercutting the claimed irreparable nature of their injury. The district court determined that plaintiffs' injury was not irreparable, in part, because plaintiffs did not show that their new jobs were unreasonably inferior to the old jobs.
 
 
 11
 Furthermore, the district court noted how the absence of evidence on the job descriptions in particular made difficult the determination of the issues relating to the appellants' claim for a preliminary injunction. It said: "[t]he absence in the record of detailed job descriptions hampers our ability to explore the details of the [appellants'] duties," 852 F.Supp. at 109; "the question remains whether the contract analyst position as newly reconstituted is a career position[;][a]gain, neither party has addressed this issue," id. at 110 (emphasis omitted); "the proper inquiry is whether the position in question places an employee intrinsically, not incidentally, in a confidential position[;] ... [the court was not provided with] job descriptions detailing [appellants'] duties and responsibilities to allow [it] to determine if they involved partisan political concerns so that political affiliation would be an appropriate job requirement," id. at 111.
 
 
 12
 Section 1983 actions concerning transfers of public employees on the basis of their political affiliations are especially dependent on detailed factual determinations concerning claimants' job responsibilities. See, e.g., M e ndez-Palou v. Rohena-Betancourt, 813 F.2d 1255, 1260-62 (1st Cir.1987); Collazo Rivera v. Torres Gaztambide, 812 F.2d 258, 261-62 (1st Cir.1987); Jim enez Fuentes v. Torres Gaztambide, 807 F.2d 236, 243-44 (1st Cir.1986), cert. denied, 481 U.S. 1014 (1987). Appellants assert that producing detailed job descriptions is appellees' burden; appellees assert it is appellants' burden. We need not decide this issue in the aftermath of Rutan v. Republican Party of Illinois, 497 U.S. 62 (1990), given our disposition of this matter.
 
 
 13
 Appellants' other argument is that the district court should have afforded them an evidentiary hearing before making its determination. We do not reach this issue because we believe that the interests of justice do not justify remanding the case for an evidentiary hearing. The papers supporting and opposing the preliminary injunction had been filed by October 22, 1993, the district court issued its order on May 16, 1994, and fifteen months have passed in the interim. Because the judge ordered expedited discovery, such discovery should have taken place by now and the matter should be at or near trial on the merits.
 
 
 14
 If a trial or other final disposition is indeed in prospect, diverting efforts to a new preliminary proceeding could disserve the interests of both sides in an expeditious resolution and could needlessly waste judicial resources. In these circumstances, we think that the district court may reasonably insist that the parties proceed promptly to trial instead of revisiting the preliminary injunction.
 
 B. The Secs. 1985 and 1986 Claims
 
 15
 The district court determined that appellants' claims under 28 U.S.C. Secs. 1985 and 1986 were without merit, and that appellants were therefore unable to show a likelihood of success on the merits as to those claims. See 852 F.Supp. at 114-15. Appellants do not contest this determination, and it is affirmed.
 
 III. CONCLUSION
 
 16
 The district court's Order and Opinion is affirmed.
 
 
 
 *
 Judge Lynch replaces Senior Circuit Judge Campbell who has recused himself and has taken no part in the consideration of this case. Judge Lynch has participated in the decision based upon the briefs, record, and a recording of the oral argument
 
 
 **
 Of the District of Rhode Island, sitting by designation